**AKERMAN, LLP**
EVELINA GENTRY (SBN 296796)
evelina.gentry@akerman.com
601 W. Fifth Street, Suite 300
Los Angeles, California 90071
Telephone: (213) 688-9500
Facsimile: (213) 627-6342

*Proposed Attorneys for FJC Management Inc.*
*Debtor and Debtor-in-Possession*

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA/OAKLAND DIVISION

| | |
|---|---|
| In re: | Case No. _____ |
| FJC MANAGEMENT INC., | Chapter 11 |
| Debtor and Debtor-in-Possession. | Subchapter V |
| | **EMERGENCY MOTION FOR AN INTERIM AND FINAL ORDER FOR (1) AUTHORITY TO USE CASH COLLATERAL ON AN INTERIM BASIS, (2) GRANTING ADEQUATE PROTECTION, (3) SCHEDULING A FINAL HEARING, AND (4) RELATED RELIEF; MEMORANDUM OF POINTS AND AUTHORITIES** |
| | Hearing: |
| | Date: January 25, 2023 |
| | Time: 10:00 a.m. |
| | Courtroom: _____ |

**TO THE _____, UNITED STATES BANKRUPTCY JUDGE, THE SUBCHAPTER V TRUSTEE, CREDITORS HOLDING THE TWENTY LARGEST UNSECURED CLAIMS, SECURED CREDITORS, PARTIES REQUESTING SPECIAL NOTICE AND THE OFFICE OF THE UNITED STATES TRUSTEE:**

1. FJC Management Inc., the debtor and debtor in possession herein (the "Debtor"), hereby moves (the "Motion") the Court for an interim and final order:

    A. authorizing the use of all cash collateral within the meaning of § 363(a) of the Bankruptcy Code (the "Cash Collateral" )[1], that is subject to a duly perfected lien in favor of the U.S. Small Business Administration (the "SBA") on an interim basis, pending a final hearing after notice pursuant to Federal Rule of Bankruptcy Procedure 4001(b), in order for the Debtor to pay ordinary and necessary expenses in accordance with the interim budget (the "Budget") from January 25, 2023 (the "Petition Date") through April 25, 2023, **Exhibit A** to the Declaration of Pravesh Chopra, the certifying professional, in Support of "First Day" Motions (the "Chopra Declaration"), filed concurrently herewith;

    B. authorizing the Debtor to exceed the amount set forth in the Budget both on a line item and total basis by an amount equal to 20% per month, to the extent that this excess is necessary to meet the operational needs of the business; and,

    C. granting the SBA, as adequate protection for the foregoing usage, the following rights:

        i. The Debtor will grant to the SBA a replacement lien against the Debtor's personal property assets and the proceeds thereof, to the same extent, priority and validity as the lien held by the SBA as of the Petition Date, and

---

[1] Section 363(a) of the Bankruptcy Code defines "cash collateral" as: "cash, negotiable instruments, documents of title, securities, deposit accounts, or other cash equivalents whenever acquired in which the estate and an entity other than the estate have an interest and includes the proceeds, products, offspring, rents, or profits of property ... subject to a security interest as provided in section 552(b) of this title, whether existing before or after the commencement of a case under this title." 11 U.S.C. § 363(a).

subject to the same defenses and avoidance actions as those applicable to the SBA's lien as of the Petition Date;

    ii.    Any diminution in the value of the SBA's collateral pursuant to the subject SBA loan over the life of this bankruptcy case shall entitle the SBA to a super-priority claim pursuant to 11 U.S.C. §§ 503(b), 507(a)(2) and 507(b);

    iii.    The Debtor proposes to make monthly adequate protection payments to the SBA in the amount of $**2,501.00** which is the amount of the payment required under the SBA Loan; and

    iv.    The Debtor will provide the SBA with all interim statements and operating reports required to be submitted to the Office of the United States Trustee, as such reports are submitted, and monthly cash flow reports, broken down by the expense line item contained in the Budget, within twenty (20) days after the end of each calendar month.

    D.    waiving the fourteen-day stay of an order authorizing the use, sale or lease of property under Bankruptcy Rule 6004(h).

    2.    The Debtor and all other parties-in-interest reserve any and all rights that they may have to object to the claims of the SBA and to object to the validity, priority and extent of the lien of the SBA encumbering the Debtor's assets.

    3.    This Motion is based upon the attached Memorandum of Points and Authorities and the Chopra Declaration, and upon such other additional evidence, oral or documentary, that the Court may consider prior to or at the time of the scheduled hearing on the Motion.

As set forth in the Order Setting Hearings on Debtor's First-Day Motions (the "Order") [Dkt. No.___] entered on January __, 2023. the Debtor will serve this Motion, the Memorandum of Points and Authorities, the Chopra Declaration, the First Day Notice, and the Order on: (i) the secured creditors; (ii) the twenty largest unsecured creditors; (iii) the subchapter V trustee (once appointed);

3      CASE NO.

68288282;4

**EMERGENCY MOTION FOR INTERIM AND FINAL ORDER FOR (1) AUTHORITY TO USE CASH COLLATERAL ON AN INTERIM BASIS, (2) GRANTING ADEQUATE PROTECTION, (3) SCHEDULING A FINAL HEARING, AND (4) RELATED RELIEF**

Case: 23-40085    Doc# 3    Filed: 01/25/23    Entered: 01/25/23 17:15:42    Page 3 of 15

and (iv) the Office of the United States Trustee, by either (a) personal service, (b) overnight mail, (c)facsimile, (d) e-mail, or (e) Notice of Electronic Filing via CM/ECF by January 25, 2023.

**WHEREFORE**, the Debtor respectfully requests that this Court enter an interim order (substantially in the form attached hereto as **Exhibit "1"**) (the "Interim Order"):

    A.    Authorizing the Debtor's use of Cash Collateral pursuant to the terms and conditions contained in this Motion;

    B.    Authorizing the adequate protection as described in this Motion;

    C.    Scheduling a final hearing with respect to the relief requested herein; and,

    D.    Granting such other and further relief as may be just and proper.

Dated: January 25, 2023

AKERMAN LLP

By: */s/ Evelina Gentry*
    Evelina Gentry

*Proposed Attorneys for Debtor and Debtor-in-Possession FJC Management, Inc.*

4      CASE NO.
**EMERGENCY MOTION FOR INTERIM AND FINAL ORDER FOR (1) AUTHORITY TO USE CASH COLLATERAL ON AN INTERIM BASIS, (2) GRANTING ADEQUATE PROTECTION, (3) SCHEDULING A FINAL HEARING, AND (4) RELATED RELIEF**
Case: 23-40085    Doc# 3    Filed: 01/25/23    Entered: 01/25/23 17:15:42    Page 4 of 15

# MEMORANDUM OF POINTS AND AUTHORITIES

FJC Management Inc., a California corporation, debtor and debtor in possession in this case ("CCC" or the "Debtor"), hereby files this Memorandum of Points and Authorities in support of its *Emergency Motion For (1) Authority To Use Cash Collateral On an Interim Basis, (2) Granting Adequate Protection, (3) Scheduling a Final Hearing, and (4) Related Relief; Memorandum of Points and Authorities* (the "Motion"), and respectfully represents as follows:

## I. BACKGROUND

On January 25, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor has elected to proceed under subchapter V of chapter 11. The Debtor continues to operate its business and manage its property as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

### A. Jurisdiction, Venue, and Statutory Predicates.

This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

Venue for this case is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

### B. General Background.

The Debtor operates fast casual restaurants in California known as "Buffalo Wild Wings" franchises. The Debtor's principal business office is located at 2150 Portola Avenue, Livermore, California. The Debtor operates four "Buffalo Wild Wings" restaurant locations in Livermore, California, Dublin, California, Fairfield, California, and Vacaville, California. Debtor previously operated a restaurant location in San Ramon, California.

In 2020, the Debtor's business fell victim to the global COVID-19 pandemic. Debtor suffered significant revenue losses, supply chain disruptions and inflationary pressures. Debtor attempted a number of cost saving measures, including, but not limited to, the modification and renegotiation of lease terms for all its locations.
5 CASE NO.
68288282;4
**EMERGENCY MOTION FOR INTERIM AND FINAL ORDER FOR (1) AUTHORITY TO USE CASH COLLATERAL ON AN INTERIM BASIS, (2) GRANTING ADEQUATE PROTECTION, (3) SCHEDULING A FINAL HEARING, AND (4) RELATED RELIEF**

Case: 23-40085    Doc# 3    Filed: 01/25/23    Entered: 01/25/23 17:15:42    Page 5 of 15

The landlord for the San Ramon location, however, refused to provide any relief from the rent obligations during the COVID-19 pandemic on a pre-petition basis and commenced litigation against the Debtor in California state court. This has added significant financial strain on to Debtor, especially as the San Ramon landlord obtained a pre-judgement attachment order.

As a result of the store's reduced revenue and pressures from the San Ramon landlord, the Debtor ceased its operation of the San Ramon location over a year ago. Since, Debtor has engaged in good faith negotiations to settle rent arrears with the San Ramon landlord. Debtor has extended realistic and reasonable offers, but the San Ramon landlord has refused to settle thereby necessitating Debtor's bankruptcy filing.

Debtor continues to face the results of COVID and its aftermath. The restaurant count has shrunk, and because of the continuing pressures from the San Ramon location, thus requires the protections afforded under Bankruptcy Code, Chapter 11, Subchapter V.

Debtor filed the instant case to reorganize its debts and obligations so that, going forward, Debtor may continue to operate as a going concern and preserve cash value for the Debtor's stakeholders, including all creditors and numerous employees.

Certain of the Debtor's location have remained open and to a greater, and lesser extent, profitable. The Debtor believes it can successfully reorganize under Subchapter V of the Bankruptcy Code, thereby preserving approximately 124 jobs.

Further information about the Debtor and this case and pertinent facts supporting the Motion can be found in the Chopra Declaration, which is incorporated herein by reference.

### C. The SBA Loan.

On or about August 26, 2021, in an effort to stabilize its business, Debtor obtained a EIDL Loan from the SBA. A true and correct copy of the Loan Authorization Agreement (the "Loan Agreement") is attached to the Chopra Declaration as Exhibit B.

Under the terms of the Loan Agreement, Debtor received a loan in the aggregate principal Loan Amount of $500,000, at an interest rate of 3.75% *per annum*. Debtor's monthly obligation of

$2,501.00 commenced twenty-four (24) months from August 26, 2021. The balance of principal become payable thirty years from the date of the Loan Agreement. The SBA Loan is secured by a blanket pledge of all of Debtor's assets.

## II. RELIEF REQUESTED

The Debtor respectfully requests an order of this Court authorizing it to use cash, which comprises the cash collateral of the prepetition secured creditor, the SBA, securing its prepetition debt[2] within the meaning of § 363(a) of the Bankruptcy Code (the "Cash Collateral"),[3] for the period of January 19, 2023 through April 19, 2023, on the terms and conditions set forth herein, and as set forth in the projected 90-day budget (the "Budget"), which is attached as Exhibit A to the Chopra Declaration and incorporated herein.

The Debtor proposes to make adequate protection payments to the SBA in the monthly amount of $2,501.00, the regular monthly payment under the terms of the SBA loan. The Debtor has no other secured creditors.

Based on the foregoing, the Debtor believes that all secured creditors holding valid and unavoidable liens upon the Cash Collateral will be adequately protected.

## III. BASIS FOR RELIEF

The Court should authorize the use of Cash Collateral because (A) it will preserve the value of Debtor's estate, to the benefit of all creditors, (B) Debtor's proposed use of Cash Collateral is approbative, and (C) the SBA is adequately protected. The Bankruptcy Code provides for the Debtor's use of Cash Collateral with consent of secured creditors, with permission of the Court after notice and hearing. 11 U.S.C, § 363(c). The Court may condition use of Cash Collateral as is necessary to provide adequate protection. 11 U.S.C. § 362(e).

---

[2] As described in the Chopra Declaration, the estimated total amount owed to the SBA is approximately $500,000 (the "Prepetition Debt"), allegedly secured by a lien on all of Debtor's personal property (the "Prepetition Liens").

[3] Section 363(a) of the Bankruptcy Code defines "cash collateral" as: "cash, negotiable instruments, documents of title, securities, deposit accounts, or other cash equivalents whenever acquired in which the estate and an entity other than the estate have an interest and includes the proceeds, products, offspring, rents, or profits of property, subject to a security interest as provided in section 552(b) of this title, whether existing before or after the commencement of a case under this title." 11 U.S.C. § 363(a).

### A. The Debtor's Need for Use of Cash Collateral.

The Debtor requires the immediate use of cash on hand and other income generated from its commercial activities in order to maintain the day-to-day business operations and pay employees and vendors on a timely basis pending confirmation of a plan. Absent such relief from the Court, the Debtor will not have sufficient liquidity to ensure uninterrupted business operations and will suffer a substantial loss of asset value to the detriment of all parties in interest.

Moreover, it is necessary that the Debtor demonstrate to its staff, vendors and customers that Debtor can continue to function without interruption and pay vendors in the ordinary course of business. Absent such a showing—and in the event of any interruption or delay in the business—the Debtor's customers will likely move their business to Debtor's competitors, and staff will likely pursue opportunities with competitors, which would cripple the Debtor's business.

The interests of the secured creditor, the SBA, will be protected and enhanced by the Debtor's use of Cash Collateral. Use of Cash Collateral will facilitate the uninterrupted operation of the Debtor's revenue streams, which, in turn, secure the SBA's claim.

Ultimately, preserving revenue streams will preserve the value of the estate, which will also benefit unsecure creditors. Debtor's ability to finance its operations and access to sufficient liquidity is vital to Debtor's ability to maintain operations. If the Debtor is permitted to use Cash Collateral to fund the ongoing business operations and administration of this chapter 11 case, the Debtor will preserve the value of the Debtor's assets as a going concern. Without such use, Debtor will suffer significant diminution in the value of its assets. Given the nature of Debtor's business, which is service based, interruption in Debtor's business may ultimately be disastrous.

Entry of an interim order approving the use of Cash Collateral is therefore (i) critical to the Debtor's ability to reorganize pursuant to the Bankruptcy Code, (ii) in the best interests of the Debtor and its estate and (iii) necessary to avoid irreparable harm to the Debtor, its creditors, and its assets, business, goodwill, reputation and employees.

### B. Debtor's Use of Cash Collateral is Appropriate.

For the reasons set forth above, the continued operation of the Debtor's businesses will preserve and maintain its going concern and enterprise value and prevent substantial diminution to the estate. Debtor's continued operation hinges on its ability to fund payroll and other operating needs, including the costs of administration of this chapter 11 case.

It is well established that a bankruptcy court, where possible, should resolve issues in favor of preserving the business of the debtor as a going concern:

> A debtor, attempting to reorganize a business under Chapter 11, clearly has a compelling need to use "cash collateral" in its effort to rebuild. Without the availability of cash to meet daily operating expenses such as rent, payroll, utilities, etc., the congressional policy favoring rehabilitation over economic failure would be frustrated
> *In re George Ruggiere Chrysler-Plymouth, Inc.,* 727 F.2d 1017, 1019 (11th Cir. 1984).

Accordingly, courts routinely authorize the use of cash collateral to enhance or preserve the debtor's going concern value. *See, e.g., In re Stein*, 19 B.R. 458 (Bankr. E.D. Pa. 1982) (allowing the debtor to use cash collateral where the secured party was undersecured and finding that the use of cash collateral was necessary to the debtor's continued operations and the creditor's "secured position can only be enhanced by the continued operation of the [debtor's business]"); *In re Karl A. Neise, Inc.*, 16 B.R. 600, 602 (Bankr. S.D. Fla. 1981) (marginally secured creditor adequately protected by lien on postpetition property acquired by debtor; debtor can use cash collateral "in the normal operation of their business"); *Federal Nat. Mort. v. Dacon Bolingbrook Assocs.*, 153 B.R. 204, 214 (N.D. Ill. 1993) (security interest protected to extent debtor reinvested rents in operation and maintenance of the property); *In re Constable Plaza Assoc.*, 125 B.R. 98, 105 (Bankr. S.D.N.Y. 1991) (debtor's reinvestment of rents to maintain and operate office building "will serve to preserve or enhance the value of the building which, in turn, will protect the collateral covered by [the] mortgage").

Thus, Debtor's proposed use of Cash Collateral is appropriate. The Court should enter an order authorizing use of Cash Collateral because the SBA is adequately protected.

### C. The SBA is Adequately Protected.

The Bankruptcy Code does not explicitly define "adequate protection," but does provide a non-exclusive list of the means by which a debtor may provide adequate protection, including "other relief" resulting in the "indubitable equivalent" of the secured creditor's interest in such property. *See* 11 U.S.C. § 361.

What constitutes adequate protection must be evaluated on a case-by-case basis. *In re Swedeland Dev. Group Inc.,* 16 F.3d 552, 564 (3d Cir. 1994) *(citing In re O'Connor,* 808 F.2d 1393, 139697 (10th Cir. l987)); *In re Martin,* 761 F.2d 472, 476 (8th Cir. 1985). Adequate protection is meant to ensure that the secured lender receives the value for which it originally bargained. *Swedeland*, 16 F.3d at 564 *(citing O'Connor,* 808 F.2d at 1396) ("the whole purpose of adequate protection for a creditor is to ensure that the creditor receives the value for which he bargained pre bankruptcy").

Moreover, it is not uncommon for replacement liens and super priority claims (as applicable) to satisfy adequate protection. *See, e.g., MBank Dallas N.A. v. O'Connor (In re O'Connor),* 808 F.2d 1393, 1396-98 (10th Cir. 1987) (allowing the debtor to replace a lien on cash with a lien on property likely to be worth five times as much); *Owens-Corning Fiberglas Corp. v. Ctr. Wholesale, Inc. (In re Ctr. Wholesale. Inc.),* 759 F.2d 1440, 1450 (9th Cir. 1985) (observing that a lien on additional property of the debtor would likely constitute adequate protection for the secured creditor); *Wrecelesham Grange,* 221 S.R. at 981) (noting that a replacement lien of equal value on postpetition rents is adequate protection).

Accordingly, the protections afforded to the SBA, including, but not limited to, replacement liens, adequate protection payments, and reporting requirement constitute adequate protection. In relevant part, the SBA will receive $2,501.00 per month in adequate protection payments, the amount of the monthly loan payments under loan terms.

### IV. REQUEST FOR A FINAL HEARING

Pursuant to Bankruptcy Rule 4001(b)(2), the Debtor respectfully requests that the Court set a date for a final hearing no later than forty-five days from entry of the Interim Order (the "Final

10 CASE NO.
68288282;4
**EMERGENCY MOTION FOR INTERIM AND FINAL ORDER FOR (1) AUTHORITY TO USE CASH COLLATERAL ON AN INTERIM BASIS, (2) GRANTING ADEQUATE PROTECTION, (3) SCHEDULING A FINAL HEARING, AND (4) RELATED RELIEF**

Case: 23-40085  Doc# 3  Filed: 01/25/23  Entered: 01/25/23 17:15:42  Page 10 of 15

Hearing") and approve the provisions for notice of the Final Hearing and the objection procedures that are set forth in the Interim Order.

## V. THE NEED FOR IMMEDIATE RELIEF PENDING A FINAL HEARING

Bankruptcy Rule 4001 (b) provides that a final hearing on a motion for authorization to use cash collateral may not be commenced earlier than fourteen days after service of such motion. Fed. R. Bankr. P. 4001(b)(2). Upon request, however, a court may conduct a preliminary expedited hearing on a motion and authorize the use of only that amount of cash collateral as is necessary to avoid immediate and irreparable harm to the estate pending a final hearing, based on the business exigencies of individual cases. *Id.* For the reasons set forth herein, authority to use Cash Collateral on an interim basis as requested in the Motion is necessary to enable the Debtor to maintain ongoing operations pending a reorganization in this Chapter 11, Subchapter V Case. *Supra* III, (A), Need for Use of Cash Collateral.

## VI. WAIVER OF BANKRUPTCY RULES 6004(A) AND (H)

Should the Court grant the Motion and enter the Interim Order, the Debtor seeks a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the fourteen-day stay of an order authorizing the use, sale or lease of property under Bankruptcy Rule 6004(h). For the reasons set forth herein, waiver of the notice requirements under Bankruptcy Rule 6004(a) and (h) is necessary to enable the Debtor to maintain ongoing operations pending a reorganization in this Chapter 11, Subchapter V Case. *Supra* III, (A), Need for Use of Cash Collateral.

**WHEREFORE,** the Debtor respectfully requests entry of an order (i) granting the relief requested herein and (ii) granting the Debtor such other and further relief as the Court deems just and proper.

Dated: January 25, 2023

AKERMAN LLP

By: */s/ Evelina Gentry*
Evelina Gentry

*Proposed Attorneys for Debtor and Debtor-in-Possession FJC Management, Inc.*

# EXHIBIT 1

# PROPOSED ORDER

12 CASE NO.

68288282;4

**EMERGENCY MOTION FOR INTERIM AND FINAL ORDER FOR (1) AUTHORITY TO USE CASH COLLATERAL ON AN INTERIM BASIS, (2) GRANTING ADEQUATE PROTECTION, (3) SCHEDULING A FINAL HEARING, AND (4) RELATED RELIEF**

Case: 23-40085    Doc# 3    Filed: 01/25/23    Entered: 01/25/23 17:15:42    Page 12 of 15

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

AKERMAN, LLP
EVELINA GENTRY (SBN 296796)
evelina.gentry@akerman.com
601 West Fifth Street, Suite 300
Los Angeles, CA 90071
Telephone: (213) 688-9500
Facsimile: (213) 627-6342

*Proposed Attorneys for FJC Management Inc.
Debtor and Debtor-in-Possession*

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA/ OAKLAND DIVISION

| | |
|---|---|
| In re:<br><br>FJC MANAGEMENT INC.,<br><br>Debtor and Debtor-in-Possession. | Case No. 23-_____<br><br>Chapter 11<br><br>Subchapter V<br><br>**[PROPOSED] INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL AND SETTING FINAL HEARING**<br><br>Hearing:<br><br>Date: January ___, 2023<br>Time: 10:00 a.m.<br>Courtroom: _____<br>_____<br>_____ |

On January___, 2023, an emergency hearing was held before this Court, the _____, presiding, regarding the Emergency Motion for Authority to Use Cash Collateral on an Interim Basis (the "Motion") filed by FJC Management, Inc., the debtor and debtor in possession ("Debtor"), on behalf of the bankruptcy estate in the above-captioned case. Appearances were as noted on the record of the Court.

**IT IS HEREBY ORDERED THAT:**

13  CASE NO.

68288282;4
**EMERGENCY MOTION FOR INTERIM AND FINAL ORDER FOR (1) AUTHORITY TO USE CASH COLLATERAL ON AN INTERIM BASIS, (2) GRANTING ADEQUATE PROTECTION, (3) SCHEDULING A FINAL HEARING, AND (4) RELATED RELIEF**

Case: 23-40085    Doc# 3    Filed: 01/25/23    Entered: 01/25/23 17:15:42    Page 13 of 15

1. The Motion is GRANTED;

2. The Debtor is authorized to use all cash collateral in the form of cash and cash equivalents on hand, and hereafter generated, that is subject to a duly perfected lien in favor of the U.S. Small Business Administration ("SBA") on an interim basis, pending a final hearing after notice pursuant to Federal Rule of Bankruptcy Procedure 4001(b), in order for the Debtor to pay ordinary and necessary expenses in accordance with the interim budget attached to the Declaration of Pravesh Chopra as **Exhibit A** (the "Budget") from January 25, 2023 (the "Petition Date") through April 25, 2023.

3. The Debtor is authorized to exceed the amount set forth in the Budget on a line-by-line and total basis by as much as 20% per month, to the extent that this excess is necessary to meet the operational needs of the business.

4. Granting the SBA, as adequate protection for the foregoing usage, the following rights:

   a. The Debtor will grant to the SBA a replacement lien against Debtor's personal property assets and the proceeds thereof, to the same extent, priority and validity as the lien held by the SBA as of the Petition Date, and subject to the same defenses and avoidance actions as those applicable to the SBA's lien as of the Petition Date;

   b. Any diminution in the value of the SBA's collateral pursuant to the subject SBA loan over the life of this bankruptcy case shall entitle the SBA to a super-priority claim pursuant to 11 U.S.C. §§ 503(b), 507(a)(2) and 507(b);

   c. The Debtor proposes to make monthly adequate protection payments to the SBA in the amount of $2,501.00; and

   d. The Debtor will provide the SBA with all interim statements and operating reports required to be submitted to the Office of the United States Trustee, as such reports are submitted, and monthly cash flow reports, broken down by the

14  CASE NO.
68288282;4
**EMERGENCY MOTION FOR INTERIM AND FINAL ORDER FOR (1) AUTHORITY TO USE CASH COLLATERAL ON AN INTERIM BASIS, (2) GRANTING ADEQUATE PROTECTION, (3) SCHEDULING A FINAL HEARING, AND (4) RELATED RELIEF**

Case: 23-40085   Doc# 3   Filed: 01/25/23   Entered: 01/25/23 17:15:42   Page 14 of 15

expense line item contained in the Budget, within twenty (20) days after the end of each calendar month.

5. The Debtor and all other parties-in-interest reserve any and all rights that they may have to object to the claims of the SBA and to object to the validity, priority and extent of the lien of the SBA encumbering the Debtor's assets.

6. The fourteen-day stay of an order authorizing the use, sale or lease of property under Bankruptcy Rule 6004(h) is hereby waived.

7. A final hearing on the Debtor's Motion is set for ____ __.m. on _____, 2023, and this Order shall terminate at 11:59 p.m. on that date, unless extended by Court order.

**\*\*END OF ORDER\*\***

15 CASE NO.

**EMERGENCY MOTION FOR INTERIM AND FINAL ORDER FOR (1) AUTHORITY TO USE CASH COLLATERAL ON AN INTERIM BASIS, (2) GRANTING ADEQUATE PROTECTION, (3) SCHEDULING A FINAL HEARING, AND (4) RELATED RELIEF**

Case: 23-40085  Doc# 3  Filed: 01/25/23  Entered: 01/25/23 17:15:42  Page 15 of 15