**AKERMAN, LLP**
EVELINA GENTRY (SBN 296796)
evelina.gentry@akerman.com
601 West Fifth Street, Suite 300
Los Angeles, CA 90071
Telephone: (213) 688-9500
Facsimile: (213) 627-6342

MARK S. LICHTENSTEIN
(*Admitted Pro Hac Vice*)
mark.lichtentein@akerman.com
1251 Avenue of the Americas, 37th Flr.
New York, NY 10020
Telephone: (212) 880-3800
Facsimile: (212) 880-8965

*Proposed Attorneys for FJC Management Inc.
Debtor and Debtor-in-Possession*

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA - OAKLAND DIVISION

| | |
|---|---|
| In re:<br><br>FJC MANAGEMENT, INC.,<br><br>    Debtor and Debtor-in-Possession. | Case No. 23-40085 (WJL)<br><br>Chapter 11<br><br>Subchapter V<br><br>**DEBTOR'S EMERGENCY MOTION FOR INTERIM ORDER AUTHORIZING DEBTOR TO HONOR CERTAIN PREPETITION OBLIGATIONS TO CUSTOMERS**<br><br>Judge: William J. Lafferty<br>Date: February 15, 2023<br>Time: 10:30 a.m. (PT)<br>Place: Tele/Videoconference |

1      CASE NO. 23-40085 (WJL)

**DEBTOR'S EMERGENCY MOTION FOR INTERIM ORDER AUTHORIZING DEBTOR TO HONOR CERTAIN PREPETITION OBLIGATIONS TO CUSTOMERS**

**TO THE HONORABLE WILLIAM J. LAFFERTY, UNITED STATES BANKRUPTCY JUDGE, THE SUBCHAPTER V TRUSTEE, CREDITORS HOLDING THE TWENTY LARGEST UNSECURED CLAIMS, SECURED CREDITORS, PARTIES REQUESTING SPECIAL NOTICE, AND THE OFFICE OF THE UNITED STATES TRUSTEE:**

FJC Management Inc., the above-captioned debtor and debtor in possession (the "Debtor"), in the above-captioned bankruptcy case (the "Case"), by and through undersigned counsel, hereby moves the Court for entry of an interim order authorizing, but not directing, the Debtor to (a) honor and perform, in its sole discretion, certain prepetition obligations related to the issuance of gift cards (the "Gift Cards") in the ordinary course of its business, (b) continue, renew, replace, implement or terminate such Gift Cards in the ordinary course of business, without further order of the Court, and (c) granting such other related relief. Absent authorization from the Court, the Debtor would be unable in the ordinary course of its business to honor or perform certain obligations that arose in connection with the Gift Cards prior to the commencement of the chapter 11 case filed by the Debtor.

Honoring these Gift Cards is essential to the Debtor's business operations to (i) ensure that the Debtor remains competitive among its major competitors; and (ii) assist the Debtor in maintaining customer confidence and satisfaction—and therefore its ability to maximize the value of its assets for the benefit of all parties in interest. A failure to continue the Gift Cards would result in deterioration in relationships with the Debtor's customers and significantly harm the Debtor's standing in its competitive business, thereby causing a material reduction in sales and jeopardizing the Debtor's ability to achieve the goals in this Case.

Accordingly, the Debtor brings this motion (the "Motion") pursuant to sections 105(a), 363(b), 507(a), 1107(a) and 1108 of title 11 of the United States Code (the "Bankruptcy Code"). This Motion is based on the within discussion and memorandum of points and authorities, the other papers of record in this case, and upon such further oral and documentary evidence as may be presented prior to or at the time of the hearing on the Motion.

2    CASE NO. 23-40085 (WJL)

**DEBTOR'S EMERGENCY MOTION FOR INTERIM ORDER AUTHORIZING DEBTOR TO HONOR CERTAIN PREPETITION OBLIGATIONS TO CUSTOMERS**

Case: 23-40085    Doc# 37    Filed: 02/07/23    Entered: 02/07/23 15:18:29    Page 2 of 14
68488403;4

# I.

# STATEMENT OF FACTS

## A. Debtor's Background

On January 25, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor is operating its business and managing its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

The Debtor operates four (4) fast casual restaurants known as "Buffalo Wild Wings" in California, under the Buffalo Wild Wings franchise. These four restaurants are in Livermore, Dublin, Fairfield, and Vacaville, California. Debtor previously operated a restaurant in San Ramon, California. Debtor's principal business office is located at 2150 Portola Avenue, Livermore, California. A more detailed description of the Debtor, including its current and historical business operations and the events precipitating the chapter 11 filing, is set forth in detail in the Declarations of Pravesh Chopra and the Case Management Summary, which are incorporated herein by reference.

## B. Need for Relief

The relief requested by this Motion is necessary and appropriate to retain customer trust and loyalty, ensure the Debtor's competitiveness, and help maintain the Debtor's existing business during its Chapter 11 case. Any disruption in the ordinary operation of the Debtor's businesses or Customer Programs at this stage may irreparably harm the goodwill that the Debtor enjoys with its customers.

## C. Relief Requested by This Motion

By way of this Motion, the Debtor seeks an interim order from the Court, substantially in the form attached hereto as **Exhibit A**. Specifically, pursuant to section 105(a), 363(b), 507(a), 1107(a), and 1108 of the Bankruptcy Code, the Debtor requests an order:

1. Authorizing – but not requiring – the Debtor to:

    a. Honor and perform, in its sole discretion, prepetition obligations related to the issuance of gift cardsin the ordinary course of its business;

3  CASE NO. 23-40085 (WJL)

**DEBTOR'S EMERGENCY MOTION FOR INTERIM ORDER AUTHORIZING DEBTOR TO HONOR CERTAIN PREPETITION OBLIGATIONS TO CUSTOMERS**

Case: 23-40085    Doc# 37    Filed: 02/07/23    Entered: 02/07/23 15:18:29    Page 3 of 14

68488403;4

    b.  Continue, renew, replace, implement or terminate such Gift Cards in the ordinary course of business, without further order of the Court;

2. Authorizing and directing the Debtor to continue, in the ordinary course of business, to honor and issue the

3. Authorizing and directing all banks and other financing institutions to receive, process, honor, and negotiate any and all checks drawn on, and transfers made from, the Debtor's accounts to the extent the checks or transfers are on account of any of the foregoing;

4. Prohibiting all banks from placing any holds on, or attempting to reverse, any automatic transfers on account of the foregoing; and

5. For such additional relief that the Court deems just and proper.

The relief requested by this Motion, therefore, is in the best interest of the Debtor's bankruptcy estate and should be approved.

### D. The Debtor's Gift Card Program

The Debtor sells Gift Cards to customers at its locations that can be used at any Buffalo Wild Wings restaurant in the nation. Additionally, all other Buffalo Wild Wings franchisees also sell Gift Cards to customers at franchised locations. Finally, Buffalo Wild Wings, as franchisor (the "BWW Franchisor"), sells Gift Cards through the internet and at retail establishments like Target. As explained below, the Gift Cards both sold by the Debtor and redeemed by the Debtor are entirely revenue neutral. The Debtor retains no customer information related to any Gift Cards. The Franchisor loads and processes the customer Gift Cards and retains the customer information tied to the issued Gift Cards. When a customer purchases a Gift Card at a Debtor location, the Debtor immediately transfers the funds to the Franchisor. When a customer uses a Gift Card, wherever purchased, at a Debtor location, the Debtor deducts the value of that redeemed Gift Card from its Franchise Fee obligation to the Franchisor. Under the Gift Card Program, the Debtor has no obligation with respect to Gift Cards other than to honor them at open Debtor locations. Any obligation to customers on behalf of unredeemed Gift Cards is exclusively borne by the Franchisor.

4  CASE NO. 23-40085 (WJL)

**DEBTOR'S EMERGENCY MOTION FOR INTERIM ORDER AUTHORIZING DEBTOR TO HONOR CERTAIN PREPETITION OBLIGATIONS TO CUSTOMERS**

Case: 23-40085 Doc# 37 Filed: 02/07/23 Entered: 02/07/23 15:18:29 Page 4 of 14
68488403;4

## II. ARGUMENT

**A. The Debtor Should be Allowed to Honor Prepetition Gift Cards Because the Value Represented by the Gift Cards Is Not Property of the Debtor's Estate**

The Debtor should be allowed to honor Gift Cards in the ordinary course because they are revenue neutral to the Debtor, and the value represented by the gift cards is not property of the estate. Thus, honoring them does not augment or diminish the Debtor's estate in any way. In addition,

California Civil Code section 1749.6 provides as follows:

> (a) A gift certificate constitutes value held in trust by the issuer of the gift certificate on behalf of the beneficiary of the gift certificate. The value represented by the gift certificate belongs to the beneficiary, or to the legal representative of the beneficiary to the extent provided by law, and not to the issuer. (b) An issuer of a gift certificate who is in bankruptcy shall continue to honor a gift certificate issued prior to the date of the bankruptcy filing on the grounds that the value of the gift certificate constitutes trust property of the beneficiary.

Cal. Civ. Code § 1749.6. Such provisions must be enforced in bankruptcy because state law governs the substance of claims in bankruptcy. *See Raleigh v. Illinois Dep't of Revenue*, 530 U.S. 15, 20 (2000) ("The 'basic federal rule' in bankruptcy is that state law governs the substance of claims, Congress having 'generally left the determination of property rights in the assets of a bankrupt's estates to state law.' 'Unless some federal interest requires a different result, there is simply no reason why [the state] interests should be analyzed any different[ly] simply because an interested party is involved in a bankruptcy proceeding.'") (quoting *Butner v. United States*, 440 U.S. 48, 54-55 (1979)). Further, bankruptcy courts have consistently found that assets that the debtor holds in trust are not property of the estate under Section 541(b)(1). *See e.g., United States v. Whiting Pools,* 462 U.S. 198, 205, n. 10 (1983) ("We do not now decide the outer boundaries of the bankruptcy estate. We note only that Congress plainly excluded property of others held by the debtor in trust at the time of the filing of the

**DEBTOR'S EMERGENCY MOTION FOR INTERIM ORDER AUTHORIZING DEBTOR TO HONOR CERTAIN PREPETITION OBLIGATIONS TO CUSTOMERS**

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

petition."); *Sunkist Growers v. Fisher*, 104 F.3d 280, 282 (9th Cir. 1997) ("[PACA] trust assets are excluded from the estate should the dealer go bankrupt").

## B. To the Extent the Gift Card Funds are Property of the Debtor's Estate, the Bankruptcy Code Affords Them Priority and Would Allow Early Payment

Even to the extent that the value of the Gift Cards is deemed to be property of the estate, which should not be the case because all of the revenue from the Gift Cards, and obligations thereunder are borne by the Franchisor, a number of provisions of the Bankruptcy Code would permit the Debtor to honor them in the ordinary course of its business. Most directly relevant is Section 507(a)(7), which grants priority status to unsecured claims of individuals up to $2,775 "arising from the deposit, before the commencement of the case, of money in connection with the purchase, lease, or rental of property . . ." 11 U.S.C. § 507(a)(7). Courts have held that gift certificates fall under the priority of Section 507(a)(7). *See In re WW Warehouse, Inc.*, 313 B.R. 588, 595 (Bankr. D. Del. 2004). *See also, Salazar v. McDonald (In re Salazar)*, 430 F.3d 992, 995 (9th Cir. 2005) ("full payment by a consumer for goods or services to be rendered over time is a deposit within the meaning of the law"); *In re Terra Distrib., Inc.,* 148 B.R. 598, 601 (Bankr. D. Idaho 1992) (priority claim allowed for consumer who purchased cell phone in response to debtor's advertisement of free plane tickets with purchase of cell phone).

Since the Gift Card holders would, at most, have priority claims in this estate, honoring them in advance of plan confirmation only alters the timing of the "payment" of the claims represented by such Gift Cards. Further, the Debtor simply cannot, at this critical juncture in its effort to reorganize, afford the irrevocable damage in customer relations that they would suffer were they to cease honoring Gift Cards sold prepetition. The Debtor needs to reassure customers that business is operating as usual to maintain the customer goodwill and ultimately the revenues that will fund this Case and the Debtor's exit from bankruptcy. Additionally, the only way to reliably tell at the point of sale which Gift Cards were purchased prepetition would be to stop selling gift cards which would violate ite Franchise Agreements and hurt its ongoing business.

6 CASE NO. 23-40085 (WJL)

**DEBTOR'S EMERGENCY MOTION FOR INTERIM ORDER AUTHORIZING DEBTOR TO HONOR CERTAIN PREPETITION OBLIGATIONS TO CUSTOMERS**

Case: 23-40085 Doc# 37 Filed: 02/07/23 Entered: 02/07/23 15:18:29 Page 6 of 14
68488403;4

## III.

## EMERGENCY CONSIDERATION

The Debtor respectfully requests emergency consideration of this Motion pursuant to Rule 6003 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), which empowers a court to grant relief within the first twenty-one (21) days after the commencement of a chapter 11 case "to the extent that relief is necessary to avoid immediate and irreparable harm." As previously discussed throughout, the Debtor's authority to honor the prepetition Gift Cards and other unexpired online promotions and coupons issued to customers in the ordinary course of business is vital to protecting the Debtor's goodwill with customers. If the Debtor does not receive the requested relief immediately, customer loyalty will suffer, as will Debtor's sales and business. Accordingly, the Debtor respectfully submits that they have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 and, therefore, respectfully request that the Court approve the relief requested in this Motion on an emergency basis.

## IV.

## REQUEST FOR BANKRUPTCY RULE 6004 WAIVERS

The Debtor's respectfully request a waiver of any applicable notice requirements under Bankruptcy Rule 6004(a) and any stay of the order granting the relief requested herein pursuant to Bankruptcy Rule 6004(h). As explained above and in the Chopra Declarations, the relief requested herein is necessary to avoid immediate and irreparable harm to the Debtor. Accordingly, ample cause exists to justify the waiver of the notice requirements under Bankruptcy Rule 6004(a) and the fourteen-day stay imposed by Bankruptcy Rule 6004(h), to the extent such notice requirements and such stay apply.

## V.

## RESERVATION OF RIGHTS

Nothing contained herein is intended or shall be construed as (i) an admission as to the validity of any claim against the Debtor; (ii) a waiver of the Debtor's or any party in interest's rights to dispute

7 CASE NO. 23-40085 (WJL)

**DEBTOR'S EMERGENCY MOTION FOR INTERIM ORDER AUTHORIZING DEBTOR TO HONOR CERTAIN PREPETITION OBLIGATIONS TO CUSTOMERS**

the amount of, basis for, or validity of any claim of any creditor or interest of any interest holder under applicable bankruptcy or non-bankruptcy law; (iii) a waiver of any claims or causes of action which may exist against any creditor or interest holder; or (iv) an assumption, adoption, or rejection of any agreement, contract, or lease between the Debtor and any third party under section 365 of the Bankruptcy Code. The Debtor reserves all of its rights under the Bankruptcy Code.

## VI.

## NOTICE

Notice of this Motion has been provided by email, telephone, or first class mail to: (i) the Office of the U.S. Trustee Region 17; (ii) the holders of the top twenty largest unsecured claims against the Debtor; (iii) the Secured Creditors, if any, (iv) the Internal Revenue Service, (v) the Securities and Exchange Commission, and (vi) all banks and other financial institutions at which the Debtors maintain disbursement accounts. The Debtor submits that, in light of the nature of the relief requested, no other or further notice is necessary or required.

No prior request for the relief sought in this Motion has been made by the Debtor to this Court or any other court.

## VII.

## CONCLUSION

Based on the foregoing, the Debtor respectfully requests that the Court grant this Motion and enter an order: (a) authorizing, but not directing, the Debtor to honor and perform, in its sole discretion, prepetition obligations related to the issuance of the Gift Cards and other coupons and promotional offers to customers in the ordinary course of business; (b) to the extent Court authorization is necessary, authorizing the Debtor to continue, renew, replace, implement, or terminate such Customer Programs in the ordinary course of business, without further order of the Court, and (c) granting related relief.

8    CASE NO. 23-40085 (WJL)

**DEBTOR'S EMERGENCY MOTION FOR INTERIM ORDER AUTHORIZING DEBTOR TO HONOR CERTAIN PREPETITION OBLIGATIONS TO CUSTOMERS**

Case: 23-40085    Doc# 37    Filed: 02/07/23    Entered: 02/07/23 15:18:29    Page 8 of 14

Dated: February 7, 2023						AKERMAN LLP

							By: */s/ Evelina Gentry*
							     Evelina Gentry

							*Proposed Attorneys for Debtor and Debtor-in-Possession FJC Management Inc.*

9  CASE NO. 23-40085 (WJL)
DEBTOR'S EMERGENCY MOTION FOR INTERIM ORDER AUTHORIZING DEBTOR TO HONOR CERTAIN PREPETITION OBLIGATIONS TO CUSTOMERS

Case: 23-40085    Doc# 37    Filed: 02/07/23    Entered: 02/07/23 15:18:29    Page 9 of 14
68488403;4

# EXHIBIT A

# PROPOSED ORDER

10    CASE NO. 23-40085 (WJL)

**DEBTOR'S EMERGENCY MOTION FOR INTERIM ORDER AUTHORIZING DEBTOR TO HONOR CERTAIN PREPETITION OBLIGATIONS TO CUSTOMERS**

Case: 23-40085   Doc# 37   Filed: 02/07/23   Entered: 02/07/23 15:18:29   Page 10 of 14

68488403;4

**AKERMAN, LLP**
EVELINA GENTRY (SBN 296796)
evelina.gentry@akerman.com
601 West Fifth Street, Suite 300
Los Angeles, CA 90071
Telephone: (213) 688-9500
Facsimile: (213) 627-6342

MARK S. LICHTENSTEIN
(*Admitted Pro Hac Vice pending*)
mark.lichtentein@akerman.com
1251 Avenue of the Americas, 37th Flr.
New York, NY 10020
Telephone: (212) 880-3800
Facsimile: (212) 880-8965

*Proposed Attorneys for FJC Management Inc.
Debtor and Debtor-in-Possession*

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA - OAKLAND DIVISION

| | |
|---|---|
| In re:<br><br>FJC MANAGEMENT, INC.,<br><br>    Debtor and Debtor-in-Possession. | Case No. 22-40085 (WJL)<br><br>Chapter 11<br><br>Subchapter V<br><br>**[PROPOSED] ORDER APPROVING DEBTOR'S EMERGENCY MOTION FOR INTERIM ORDER AUTHORIZING DEBTOR TO HONOR PREPETITION OBLIGATIONS TO CUSTOMERS**<br><br>Judge: William J. Lefferty<br>Date: February 15, 2023<br>Time: 10:30 a.m. (PT)<br>Place: Tele/Videoconference |

11     CASE NO. 23-40085 (WJL)

**DEBTOR'S EMERGENCY MOTION FOR INTERIM ORDER AUTHORIZING DEBTOR TO HONOR CERTAIN PREPETITION OBLIGATIONS TO CUSTOMERS**

Case: 23-40085    Doc# 37    Filed: 02/07/23    Entered: 02/07/23 15:18:29    Page 11 of 14

68488403;4

The *Debtor;S Emergency Motion for INTERIM Order Authorizing Debtor to Honor Prepetition Obligations to Customers* (the "Motion")[1], filed on February 7, 2023 as Docket No. __ by FJC Management Inc. (the "Debtor"), the debtor and debtor in possession in the above-captioned bankruptcy case (the "Case"), came before the Court for hearing on February 15, 2023 at 10:30 a.m. (prevailing Pacific Time). Appearances were as noted on the record. Based upon the Court's review of the Motion, the declarations and other pleadings filed in support of the Motion, the arguments of counsel at the hearing on the Motion, and all pleadings and evidence of record in this case,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED.

2. The Debtor is authorized, but not required, in its sole discretion to honor and perform prepetition obligations related to the issuance of Gift Cards ;

3. Nothing in this Order: (i) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtor or the estate; (ii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtor or the estate to contest the validity, priority, or amount of any claim against the Debtor or the estate; (iii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtor or the estate with respect to any and all claims or causes of action against any third party; or (iv) shall be construed as a promise to pay a claim or continue any applicable program post-petition, which decision shall be in the discretion of the Debtor. Any payment made pursuant to this Order is not intended to be nor should it be construed as an admission as to the validity of any claim or a waiver of the Debtor's rights to subsequently dispute such claim.

---

[1] Capitalized terms not defined in this Order shall have the meanings given to them in the Motion.

12  CASE NO. 23-40085 (WJL)

**DEBTOR'S EMERGENCY MOTION FOR INTERIM ORDER AUTHORIZING DEBTOR TO HONOR CERTAIN PREPETITION OBLIGATIONS TO CUSTOMERS**

Case: 23-40085  Doc# 37  Filed: 02/07/23  Entered: 02/07/23 15:18:29  Page 12 of 14

4. Notwithstanding anything to the contrary contained in this Order, any payment made or other action taken by the Debtor pursuant to the authority granted herein, as well as the exercise of any and all other rights and authorizations granted or approved hereunder, shall be subject in all respects to any final orders regarding the Debtor's use of cash collateral approved by this Court in this Chapter 11 Case (the "Cash Collateral Order").

5. In the event of any inconsistency between the terms or conditions of this Order and the terms or conditions of the Cash Collateral Order, the provisions of the Cash Collateral Order shall govern and control.

6. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied.

7. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion under the circumstances, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

8. Notwithstanding the applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9. The Debtor is authorized to take all such actions as are necessary or appropriate to implement the terms of this Order.

10. A final hearing to consider the relief requested in the Motion shall be held on [_____] at [_____] (prevailing Pacific Time) and any objections or responses to the Motion shall be filed and served so as to be actually received on or prior to [_____] at [_____] (prevailing Pacific Time).

11. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this [Interim] Order.

13      CASE NO. 23-40085 (WJL)

**DEBTOR'S EMERGENCY MOTION FOR INTERIM ORDER AUTHORIZING DEBTOR TO HONOR CERTAIN PREPETITION OBLIGATIONS TO CUSTOMERS**

***END OF ORDER***

14 CASE NO. 23-40085 (WJL)

**DEBTOR'S EMERGENCY MOTION FOR INTERIM ORDER AUTHORIZING DEBTOR TO HONOR CERTAIN PREPETITION OBLIGATIONS TO CUSTOMERS**

Case: 23-40085   Doc# 37   Filed: 02/07/23   Entered: 02/07/23 15:18:29   Page 14 of 14