**AKERMAN, LLP**
EVELINA GENTRY (SBN 296796)
evelina.gentry@akerman.com
601 W. Fifth Street, Suite 300
Los Angeles, California 90071
Telephone: (213) 688-9500
Facsimile: (213) 627-6342

MARK S. LICHTENSTEIN
(Admitted *Pro Hac Vice* )
mark.lichtenstein@akerman.com
1251 Avenue of the Americas, 37th Floor
New York, New York 10020
Telephone: (212) 880-3800
Facsimile: (212) 880-8965

*Attorneys for FJC Management Inc.
Debtor and Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA- OAKLAND DIVISION**

| | |
|---|---|
| In re:<br><br>FJC MANAGEMENT INC.,<br><br>    Debtor and Debtor-in-Possession. | Case No. 23-40085(WJL)<br><br>Chapter 11<br><br>Subchapter V<br><br>**SUPPLEMENTAL DECLARATION OF PRAVESH CHOPRA IN SUPPORT OF MCLANE §503(b)(9) CLAIM**<br><br>Judge: Hon. William J. Lafferty<br>Hearing Date: April 12, 2023<br>Hearing Time: 10:30 a.m. (PT)<br>Courtroom : Videoconference Hearing<br>  via Zoom Only |

I, Pravesh Chopra, declare:

I am the Designated Responsible Person and Chief Executive Officer of FJC Management Inc.,

the debtor and debtor-in-possession (the "**Debtor**" or "**FJC**")[1]. This supplemental declaration (the "**Suppl. Declaration**") is based upon my own personal knowledge of the Debtor's operations and financial position. If called upon to testify in this action as to the matters set forth herein, I could and would testify competently thereto.

1. I submit this Suppl. Declaration in further support of the *Debtor's Emergency Motion For Order Authorizing Debtor To Pay Prepetition Claim Of McClane Company, Inc.* (the "**McLane §503(b)(9) Motion**") filed with the Court on March 21, 2023 [Docket No. 82].

2. Attached hereto as **Schedule "A"** is a transaction history of McLane Foodservice, Inc. ("**McLane**") reflecting the goods sold and delivered by McLane to the Debtor during the twenty (20) days prior to the Petition Date and the payments made in connection therewith.[2]

3. Attached hereto as **Schedule "B"** are the invoices reflecting the goods sold and delivered by McLane to the Debtor during the twenty (20) days prior to the Petition Date.

4. I believe that there are no other vendors of the Debtor who will assert Bankruptcy Code Section 503(b)(9) claims for goods received by the Debtor in the ordinary course of business in the twenty (20) days prior to the Petition Date.

---

[1] Additional information regarding my background and qualifications can be found in the *Declaration of Pravesh Chopra in Support of "First Day" Motions* [Docket No. 5] (the "**First Day Declaration**"), the Amended Declaration of Pravesh Chopra in Support of "First Day" Motions [Docket No. 17] (the "**Amended First Day Declaration**"), the Second Amended Declaration of Pravesh Chopra in Support of "First Day" Motions [Docket No. 51] (the "**Second Amended First Day Declaration**") and the Declaration of Pravesh Chopra in Support of McLane § 503(b)(9) Motion [Docket No. 83], which are fully incorporated by reference herein. Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the First Day Declaration, the Amended First Day Declaration, the Second Amended First Day Declaration and the Declaration in support of the McLane § 503(b)(9) Motion.

[2] All capitalized terms not defined herein shall bear as their meaning the definitions ascribed to them in the McLane § 503(b)(9) Motion [Docket No. 82].

4. The goods upon which McLane bases its § 503(b)(9) claim were (1) sold to the Debtor, (2) received by the Debtor within twenty (20) days prior to the Petition Date, and (3) sold to the Debtor in the ordinary course of business and provided a benefit to a Debtor's post-petition estate.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed this 28th day of March, 2023.

By:   */s/Pravesh Chopra*
       Pravesh Chopra

# SCHEDULE A

**TRANSACTION HISTORY OF MCLANE FOODSERVICE, INC.**

| Customer# | Ship To Name | Bill To # | Ship To Number | Ship To Address | Trx Type | Trx Number | Trx Date | Due Date | Amount Due Original | Amount Paid | Amount Due Remaining | Actual Date Closed | Receipt Number |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 23038 | FJC MANAGEMENT INC | 88324448 | 88324450 | BUFFALO WILD WINGS #3506 (SEE 900312) | Invoice | 71866868 | 19-Jan-23 | 26-Jan-23 | $ 6,038.37 | $ 6,038.37 | $ - | 26-Jan-23 | 2835481 |
| 23038 | FJC MANAGEMENT INC | 88324448 | 88324451 | BUFFALO WILD WINGS #3676 (SEE 900313) | Invoice | 71876014 | 20-Jan-23 | 27-Jan-23 | $ 4,258.10 | $ 4,258.10 | $ - | 27-Jan-23 | 2837087 |
| 23038 | FJC MANAGEMENT INC | 88324448 | 88324453 | BUFFALO WILD WINGS #3540 (SEE 900314) | Invoice | 71877753 | 20-Jan-23 | 27-Jan-23 | $ 7,622.78 | $ 7,622.78 | $ - | 27-Jan-23 | 2837087 |
| 23038 | FJC MANAGEMENT INC | 88324448 | 88324449 | BUFFALO WILD WINGS #3436 (SEE 900311) | Invoice | 71895819 | 23-Jan-23 | 30-Jan-23 | $ 4,808.63 | $ 4,808.63 | $ - | 30-Jan-23 | 2838897 |
| 23038 | FJC MANAGEMENT INC | 88324448 | 88324450 | BUFFALO WILD WINGS #3506 (SEE 900312) | Invoice | 71895113 | 23-Jan-23 | 30-Jan-23 | $ 3,635.95 | $ 3,635.95 | $ - | 30-Jan-23 | 2838897 |
| 23038 | FJC MANAGEMENT INC | 88324448 | 88324451 | BUFFALO WILD WINGS #3676 (SEE 900313) | Invoice | 71904565 | 24-Jan-23 | 31-Jan-23 | $ 3,493.38 | $ 3,493.38 | $ - | 31-Jan-23 | 2840612 |
| 23038 | FJC MANAGEMENT INC | 88324448 | 88324453 | BUFFALO WILD WINGS #3540 (SEE 900314) | Invoice | 71906496 | 24-Jan-23 | 31-Jan-23 | $ 7,514.04 | $ 7,514.04 | $ - | 31-Jan-23 | 2840612 |
| 23038 | FJC MANAGEMENT INC | 88324448 | 88324449 | BUFFALO WILD WINGS #3436 (SEE 900311) | Invoice | 71923453 | 25-Jan-23 | 1-Feb-23 | $ 7,200.80 | $ 7,200.80 | $ - | 1-Feb-23 | 2842582 |

**TOTAL:** $ 44,572.05  $ 44,572.05

# SCHEDULE B

# INVOICES

**DUE TO CONFIDENTIALITY RESTRICTIONS REGARDING CERTAIN INFORMATION CONTAINED IN THE INVOICES, COPIES OF THE INVOICES WILL BE PROVIDED SOLELY TO THE COURT AND THE OFFICE OF THE UNITED STATES TRUSTEE**