**AKERMAN, LLP**
EVELINA GENTRY (SBN 296796)
evelina.gentry@akerman.com
601 W. Fifth Street, Suite 300
Los Angeles, California 90071
Telephone: (213) 688-9500
Facsimile: (213) 627-6342

MARK S. LICHTENSTEIN
(Admitted *Pro Hac Vice*)
mark.lichtenstein@akerman.com
1251 Avenue of the Americas, 37th Floor
New York, New York 10020
Telephone: (212) 880-3800
Facsimile: (212) 880-8965

*Attorneys for FJC Management Inc.*
*Debtor and Debtor-in-Possession*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| In re<br><br>FJC MANAGEMENT INC.,<br><br>　　　　Debtor and Debtor in Possession. | Case No. 23-40085 (WJL)<br><br>Chapter 11<br><br>Subchapter V<br><br>**DEBTOR'S OBJECTION TO PROOF OF CLAIM NO. 9-1 FILED BY MARKETPLACE AT SAN RAMON, LLC**<br><br>Date: May 31, 2023<br>Time: 10:30 a.m.<br>Location: U.S. Bankruptcy Court<br>Courtroom 220, 1300 Clay Street, 2nd Floor, Oakland, CA 94612 |

**TO: (A) THE HONORABLE WILLIAM J. LAFFERTY, UNITED STATES BANKRUPTCY JUDGE; (B) THE OFFICE OF THE UNITED STATES TRUSTEE; (C) THE AFFECTED CLAIMANT; AND (D) OTHER PARTIES ENTITLED TO NOTICE:**

1　　　　　　　　　　　　　　　　　　CASE NO. 23-40085 (WJL)
**DEBTOR'S OBJECTION TO PROOF OF CLAIM NO. 9-1 FILED BY THE MARKETPLACE AT SAN RAMON, LLC**
70215828;2

Case: 23-40085　　Doc# 110　　Filed: 05/01/23　　Entered: 05/01/23 20:00:01　　Page 1 of 6

FJC Management Inc., the debtor and debtor-in-possession (the "**Debtor**"), in accordance with Rule 3007 of the Federal Rules of Bankruptcy Procedures and Rule 3007-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Northern District of California ("**Local Rules**") hereby submits its objection ("**Objection**") to Proof of Claim No. 9-1 (the "**Claim**") filed by The Marketplace at San Ramon, LLC (the "**Claimant**"). In support of the Objection, the Debtor respectfully represents:

## JURISDICTION

1. This Court has jurisdiction over this Objection under 28 U.S.C. §§ 157 and 1334; the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested are section 502 of Title 11 of the Bankruptcy Code and Rule 3007 of the Bankruptcy Rules.

## BACKGROUND

2. On January 25, 2023, (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11, subchapter V, of Title 11 of the United States Code (the "**Bankruptcy Code**").

3. The Debtor is authorized to continue to operate its businesses and manage its properties as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. On March 9, 2023, Claimant filed a Proof of Claim (attached to the Declaration of Pravesh Chopra in support of the Objection (the "**Chopra Decl.**" as **Exhibit A**)) (the "**Claim**"). Claimant asserts a total Claim of **$1,078,889**, of which **$680,742.71** is asserted as a secured claim, and **$398,146.79** as an unsecured claim.

5. On April 25, 2023, Debtor filed its Plan for Small Business Under Chapter 11 (the "**Plan**") [Docket No. 109]. Under the terms of the proposed Plan, **$30,000** of the Claim is proposed to be treated as a secured claim, while the remaining **$1,048,889** is proposed to be treated as an unsecured claim.

6.      On May 7, 2012, TRC MM, LLC and Tee It Up LLC (d/b/a Buffalo Wild Wings), as lessee, entered into a commercial lease (the "**Lease**") (attached to the Chopra Decl. as **Exhibit B**), with Claimant as lessor. Pursuant to the Lease, Tee it Up LLC was to pay a monthly base rent of $20,145.18, as well as other related charges in a monthly amount of **$10,842.94**, in exchange for occupancy of certain retail space in San Ramon, California, for a term of ten (10) years.

7.      On March 2, 2019, Tee It Up, LLC entered into an Assignment and Assumption Agreement (attached to the Chopra Decl. as **Exhibit C**), whereby Tee It Up, LLC, collectively with No Mulligans LLC, assigned all of its rights in and under the Lease to Debtor.

8.      In 2020, Debtor's business fell victim to the global COVID-19 pandemic. Debtor suffered significant revenue losses, supply chain disruptions and inflationary pressures.

9.      Debtor attempted a number of cost saving measures, including the modification and renegotiation of lease terms for all of its locations. Claimant refused to provide any relief from the Debtor's rent obligations during the COVID-19 pandemic on a pre-petition basis.

10.     Unable to obtain even a modicum of rent relief from Claimant and faced with a very unprofitable location, the Debtor closed and vacated the San Ramon location in late 2021 and turned over possession of the premises to Claimant. The Claimant has not re-leased the premises for nearly two years.

11.     On November 30, 2021, Claimant also commenced litigation against Debtor in California state court, matter caption as *Marketplace at San Ramon, LLC v. FJC Management, Inc*., et al., Case No. N21-2156, in Superior Court of California (the "**State Court Action**"). This litigation added significant financial strain to Debtor. As result of this litigation, on March 10, 2022, Claimant obtained a pre-judgment attachment order (the "**Pre-judgment Attachment Order**") as a provisional remedy (attached to the Chopra Decl. as **Exhibit D**).

12.     Under the Pre-Judgment Attachment Order, the Sheriff of Alameda County seized approximately **$30,000** which, upon information and belief, is currently held by the Sheriff of Alameda County.

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

## RELIEF REQUESTED

13. The Claim erroneously asserts that the Claim is "partially secured via judicial attachment" without indicating, as required, the specific value of the collateral allegedly securing the secured portion of the Claim. Additionally, under established Ninth Circuit and California law, the Claim is wholly unsecured as the Claimant never obtained a final judgment in the State Court Action. Notwithstanding the foregoing, in consideration of the legal costs and judicial resources attendant to an effort to compel turnover of the funds held by the Alameda County Sheriff, and in the hope that the Claimant will vote in favor the Plan, the Debtor has classified Claimant as a secured creditor in the amount of the **$30,000** currently held by the Alameda County Sheriff pursuant to the Pre-Judgment Attachment Order with the remaining **$1,048,889** of the Claim classified as an unsecured claim.

## BASIS FOR RELIEF REQUESTED

14. Section 502(a) of the Bankruptcy Code provides that "[a] claim of interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest…objects." 11 U.S.C. § 502(a). A chapter 11 debtor has the duty to object to the allowance of any claim that is improper. 11 U.S.C. §§ 704(a)(5), 1106(a)(1) and 1107(a). As set forth in Bankruptcy Rule 3001(f), a properly executed and filed proof of claim constitutes *prima facie* evidence of the validity and the amount of the claim under section 502(a) of the Bankruptcy Code. 11 U.S.C. § 502(a).

15. A claimant's proof of claim is entitled to the presumption of *prima facie* validity under Bankruptcy Rule 3001(f) only until an objecting party refutes at least one of the allegations that is essential to the claim's legal sufficiency. *Lundell v. Anchor Constr. Specialists, Inc.*, 223 F.3d 1035 (9th Cir. 2000). Once such an allegation is refuted, "then the party asserting the claim bears the burden of proof and must establish the validity of its claim by a preponderance of the evidence." *Id* at 1041 citing, *Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222.224 (B.A.P. 9th Cir. 1995) "The ultimate burden of proof always lies with the claimant." Citing *Wright v. Holm* (*In re Holm*), 931 F.2d 620 (9th Cir. 1991).

AKERMAN LLP
601 WEST FIFTH STREET. SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

16. Here, Claimant incorrectly asserts that **$680,742.71** of the Claim is secured. The asserted basis for perfection is "judicial attachment." *See* P.O.C. p. 5. In the Ninth Circuit, however, a creditor with only a prejudgment attachment lien at the time of bankruptcy filing is considered unsecured. *See Diamant v. Kasparian (In re Southern California Plastics Inc.)*, 165 F.3d 1243, 1248 (9th Cir. 1999) (holding that allowance of claim in Bankruptcy is not equivalent to a judgment for purposes of perfecting an attachment lien); *In re Aquarius Disk Services Inc.*, 254 B.R. 253, 258 (Bankr. N.D. Cal. 2000) (finding that claimant is required to perfect their attachment lien by means of a judgment in the underlying action, to have an enforceable secured claim in the bankruptcy case).

17. Here, Claimant has not obtained a final judgment in the State Court Action. Therefore, the Claim is not "partially secured via judicial attachment," but rather a fully unsecured claim. Thus, the Debtor respectfully submits that the secured portion of the Claim is actually unsecured.

18. Considering the costs of litigation and use of judicial resources necessary to effectuate a turnover of the relatively small sum of $30,000 to the estate, and in the hope that, Claimant, the Debtor's most vigorous pre-petition adversary votes in favor of the Plan of Reorganization, the Debtor respectfully submits that the $30,000 held by the Sheriff of Alameda County be classified as collateral for a Secured Claim in the amount of $30,000.[1]

19. Ultimately, the Debtor's ability to obtain confirmation of its Plan will be impaired if the Claim is not modified to reflect its wholly unsecured status as to all sums other than $30,000.

## **RESERVATION OF RIGHTS**

20. The Debtor expressly reserves the right to amend, modify or supplement this Objection and to file additional substantive or non-substantive objections to the Claim objected to herein, or any other claims (filed or not) which may be asserted against the Debtor. Should one or more of the grounds stated in this Objection be overruled, the Debtor reserves its rights to object on other stated

---

[1] Claimant is the only creditor who sought and obtained a Pre-Judgment Attachment Order. Accordingly, Debtor respectfully submits that it is rational and appropriate to separately classify the $30,000 currently held by the Sheriff of Alameda County as collateral for Claimant's secured claim with the remaining $1,048,889 of the Claim classified as unsecured.

5     CASE NO. 23-40085 (WJL)
**DEBTOR'S OBJECTION TO PROOF OF CLAIM NO. 9-1 FILED BY THE MARKETPLACE AT SAN RAMON, LLC**

70215828;2

grounds or on any other grounds that the Debtor discovers. In addition, the Debtor reserves the right to seek further reduction of the Claim for any reason.

### NOTICE

21. Notice of this Objection will be provided to (i) the Claimant and its counsel; (ii) the Office of the U.S. Trustee for Region 17 (Attn: Elvina Rofael, Esq. and Gregory S. Powell, Esq.); and (iii) the Subchapter V Trustee (Attn: Mark Sharf). The Debtor respectfully submit that no further notice is required. No previous request for the relief sought herein has been made by the Debtor to this or any other Court.

WHEREFORE, the Debtor respectfully requests that the Court enter an order substantially similar to the form attached as **Exhibit 1** granting (i) the relief requested herein and (ii) such other and further relief as it deems just and proper.

Dated: May 1, 2023

**AKERMAN LLP**

By: /s/ *Evelina Gentry*
    Evelina Gentry
    Mark S. Lichtenstein (Admitted *Pro Hac Vice*)

*Attorneys for Debtor and Debtor-in-Possession*
*FJC Management Inc.*

6    CASE NO. 23-40085 (WJL)
**DEBTOR'S OBJECTION TO PROOF OF CLAIM NO. 9-1 FILED BY THE MARKETPLACE AT SAN RAMON, LLC**

70215828;2