Entered on Docket
June 21, 2023
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



The following constitutes the order of the Court.
Signed: June 21, 2023

_____
William J. Lafferty, III
U.S. Bankruptcy Judge

**AKERMAN, LLP**
EVELINA GENTRY (SBN 296796)
evelina.gentry@akerman.com
601 W. Fifth Street, Suite 300
Los Angeles, California 90071
Telephone: (213) 688-9500
Facsimile: (213) 627-6342

MARK S. LICHTENSTEIN
(*Admitted Pro Hac Vice*)
mark.lichtenstein@akerman.com
1251 Avenue of the Americas, 37th Floor
New York, New York 10020
Telephone: (212) 880-3800
Facsimile: (212) 880-8965
*Attorneys for FJC Management Inc.
Debtor and Debtor-in-Possession*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA- OAKLAND DIVISION

In re:

FJC MANAGEMENT INC.,

    Debtor and Debtor-in-Possession.

Case No. 23-40085(WJL)

Chapter 11

Subchapter V

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING FJC MANAGEMENT INC.'S PLAN OF REORGANIZATION DATED APRIL 25, 2023, AS SUPPLEMENTED**

Judge: Hon. William J. Lafferty
Date: May 31, 2023
Time: 10:30 a.m. (Pacific Time)
Location: U.S. Bankruptcy Court
Courtroom 220, 1300 Clay Street, 2nd Floor,
Oakland, CA 94612


1    CASE NO. 23-40085 (WJL)
**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING FJC MANAGEMENT INC.'S PLAN OF REORGANIZATION DATED APRIL 25, 2023, AS SUPPLEMENTED**


Case: 23-40085    Doc# 151    Filed: 06/21/23    Entered: 06/21/23 13:14:57    Page 1 of 17
70665316;6

A hearing on the confirmation of *FJC Management Inc.'s Plan of Reorganization Dated April 25, 2023* [Doc. 109], as supplemented on May 25, 2023 [Doc. No. 132] (collectively, the "Plan") filed by FJC Management Inc. ("Debtor") was held on May 31 2023, ( the "Confirmation Hearing"). Appearances were made as set forth on the record of the Court. The Court having reviewed the Plan, the *Memorandum of Points and Authorities in Support of Confirmation of Debtor's Chapter 11 Plan of Reorganization Dated May 28, 2023* [Doc. 138] ("Confirmation Memorandum"), the other pleadings filed in support of confirmation, the oral arguments of counsel, and after due deliberation, hereby makes and issues the following findings of fact, conclusions of law, and orders:

**IT IS HEREBY DETERMINED, FOUND, ADJUDGED, DECREED, AND ORDERED THAT:**

I. **FINDINGS OF FACTS AND CONCLUSIONS OF LAW (FRCP 52, FRBP 7052 AND 9014).**

The findings of fact and conclusions of law set forth herein and on the record of the Confirmation Hearing constitute findings of fact and conclusions of law in accordance with Rule 52 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rules 7052 and 9014 of the Federal Rules of Bankruptcy Procedure. All findings of fact and conclusions of law announced by the Court at the Confirmation Hearing are hereby incorporated into this Confirmation Order. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent that any of the following conclusions of law constitute findings of fact, they are adopted as such. To the extent any finding of fact or conclusion of law set forth herein (including any findings of fact or conclusions of law announced by the Court at the Confirmation Hearing and incorporated herein) constitutes an order of the Court, it is adopted as such.

1    CASE NO. 23-40085 (WJL)
**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING FJC MANAGEMENT INC.'S PLAN OF REORGANIZATION DATED APRIL 25, 2023, AS SUPPLEMENTED**

Case: 23-40085    Doc# 151    Filed: 06/21/23    Entered: 06/21/23 13:14:57    Page 2 of 17
70665316;6

1. **Jurisdiction, Venue, Core Proceeding (28 U.S.C. §§ 157(b)(2) and 1334(a)).**

The Court has jurisdiction over this chapter 11 case pursuant to 28 U.S.C. § 1334. Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b), and the Court has jurisdiction to enter a final order determining that the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed and approved. Venue is proper before the Court pursuant to 28 U.S.C. § 1408.

2. **Eligibility for Relief.**

The Debtor is an entity eligible for relief under 11 U.S.C. §§ 109 and 1182.

3. **Transmittal and Mailing of Materials; Notice.**

The Debtor provided due, adequate, and sufficient notice of the Plan, the Confirmation Hearing, and the time fixed for filing objections to plan confirmation to all entities entitled to receive that notice, including all of the Debtor's known creditors. That notice fully and adequately described the requested relief, was reasonable and appropriate, and complied in all regards with due process. That notice also complied with the applicable provisions of: (a) the Bankruptcy Code; (b) the Bankruptcy Rules; (c) the Local Bankruptcy Rules of the United States Bankruptcy Court for the Northern District of California; and (d) all relevant orders of the Court.

4. **Solicitation.**

The Debtor conducted its solicitation of acceptances or rejections of the Plan and the related distribution and tabulation of ballots with respect to that solicitation in good faith. In addition, the solicitation, distribution, and tabulation complied with the *Order Setting Confirmation Hearing and Related Deadlines* [Doc. 113], all applicable provisions of the Bankruptcy Rules, all applicable provisions of the Bankruptcy Code, and all other applicable laws, rules, and regulations. Among other

2    CASE NO. 23-40085 (WJL)
**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING FJC MANAGEMENT INC.'S PLAN OF REORGANIZATION DATED APRIL 25, 2023, AS SUPPLEMENTED**

Case: 23-40085   Doc# 151   Filed: 06/21/23   Entered: 06/21/23 13:14:57   Page 3 of 17

things, the Debtor transmitted the Plan to all known persons who hold claims or interests and that are impaired under the Plan and who were therefore entitled to vote on the Plan.

5. **Ballot Summary.**

As evidenced in the *Declaration of Mark S. Lichtenstein Regarding Scheduling of Tabulation of Ballots for Accepting or Rejecting Chapter 11 Plan of Reorganization* dated May 26, 2023 [Doc. No. 137] (the "Ballot Summary"), the procedures used to tabulate ballots were fair and conducted in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and all other applicable rules, laws, and regulations. In accordance with 11 U.S.C. § 1126: (i) Class 2 voted to accept the Plan, and (ii) Class 3 voted to accept the Plan. Additionally, the Debtor had classified Priority Tax Claims as an impaired Class of Claims and none of the three holders of Priority Tax Claims voted with respect to the Plan. As set forth below, the Plan has been modified to not classify the Priority Tax Claims as an impaired voting class but rather to treat Priority Tax Claims under Section 3.03 of the Plan as a Priority Tax Claim in accordance with Section 1129(a)(9)(C) of the Bankruptcy Code such they are not a voting Class. Alternatively, in place of the proposed immaterial modification of the Plan to have Priority Tax Claims be treated as unclassified Claims under Section 3.03 of the Plan and in accordance with Section 1129(a)(9)(C), the Debtor has proposed to pay the Priority Tax Claims with deferred quarterly payments with interest over the three year Plan period such that the Priority Tax Claims, even if classified in Class 1, would be unimpaired and not entitled to vote.

6. **Consensual Plan**.

As evidenced by the Ballot Summary, the Plan has been accepted by all Classes entitled to vote on the Plan. Accordingly, the Plan is a consensual Plan, confirmation of which is governed by 11 U.S.C. § 1191(a). The Plan satisfies the applicable requirements of 11 U.S.C. § 1191(a). As a result,

3  CASE NO. 23-40085 (WJL)
**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING FJC MANAGEMENT INC.'S PLAN OF REORGANIZATION DATED APRIL 25, 2023, AS SUPPLEMENTED**

Case: 23-40085　Doc# 151　Filed: 06/21/23　Entered: 06/21/23 13:14:57　Page 4 of 17
70665316;6

the Plan is confirmed under § 1191(a). To the extent that the Court determines that the Plan is not a consensual Plan, the Plan also satisfies all requirement under 11 U.S.C. § 1191(b) because it does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interests that is impaired under, the Plan.

7. **Burden of Proof.**

The Debtor, as proponent of the Plan, has met its burden of proving all of the requirements for Confirmation of a consensual plan under 11 U.S.C. § 1191(a), including each required element of 11 U.S.C. § 1129 by a preponderance of the evidence.

8. **Compliance with the Requirements of 11 U.S.C. § 1129.**

The Plan complies with all applicable provisions of 11 U.S.C. § 1129 as more particularly set forth below:

a. **11 U.S.C. § 1129(a)(1).** The Plan complies with all of the applicable provisions of the Bankruptcy Code, including 11 U.S.C. §§ 1122 and 1123. As required by § 1123(a)(1), Article 2 of the Plan designates two Classes of Claims and one Class of Interests. As required by 11 U.S.C. § 1122(a), the Claims and Interests placed in each Class are substantially similar to other Claims and Interests, as applicable, in each such Class and consistent with 11 U.S.C. § 1123(a)(4). There is no discrimination within any Class.

b. **11 U.S.C. § 1129(a)(2).** The Debtor has complied with the applicable provisions of the Bankruptcy Code, thereby satisfying 11 U.S.C. § 1129(a)(2). The Debtor is an eligible debtor under 11 U.S.C. §§ 109 and 1182 and proper proponent of the Plan under 11 U.S.C. § 1121(a). The Debtor has complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Scheduling Order in transmitting the solicitation materials and related notices and in soliciting and tabulating the votes on the Plan.

4 CASE NO. 23-40085 (WJL)
**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING FJC MANAGEMENT INC.'S PLAN OF REORGANIZATION DATED APRIL 25, 2023, AS SUPPLEMENTED**

Case: 23-40085    Doc# 151    Filed: 06/21/23    Entered: 06/21/23 13:14:57    Page 5 of 17
70665316;6

c. **11 U.S.C. § 1129(a)(3).** The Debtor has proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying 11 U.S.C. § 1129(a)(3). In determining that the Plan has been proposed in good faith, the Court has examined the totality of the circumstances surrounding the filing of the chapter 11 case and the formulation of the Plan. The Debtor's good faith is evident from the facts and record of the chapter 11 case. The Plan was proposed with the legitimate and honest purpose of maximizing the value of the Debtor's bankruptcy estate and to effectuate a successful restructuring of the Debtor. The Plan was the product of negotiations and discussions conducted at arm's length among the Debtor, its principal creditors, and the Subchapter V Trustee. Further, the Plan's classification, exculpation and injunction provisions have been negotiated in good faith and at arm's length, are consistent with 11 U.S.C. §§ 105, 1122, 1123(b)(6), 1129, and 1142, and are each necessary for the Debtor to consummate their value maximizing Plan.

d. **11 U.S.C. § 1129(a)(4).** Any payment made or to be made by the Debtor for services or for costs and expenses in connection with the chapter 11 case or in connection with the Plan and incident to the chapter 11 case, has been approved by, or is subject to the approval of the Court, thereby satisfying 11 U.S.C. § 1129(a)(4).

e. **11 U.S.C. § 1129(a)(5).** Because the Plan specifies that the Debtor's current officers and directors will become the officers and directors of the Reorganized Debtor, 11 U.S.C. § 1129(a)(5) is satisfied.

f. **11 U.S.C. § 1129(a)(6).** There are no rates applicable to the Debtor's business or otherwise, over which any regulatory commission or other governmental authority has, or will have, jurisdiction after confirmation of the Plan. Thus, 11 U.S.C. § 1129(a)(6) is not applicable and satisfied.

g. **11 U.S.C. § 1129(a)(7).** The Plan (as modified below) provides that each holder of a claim in Classes 2 and 3—the only impaired classes—shall have either accepted the Plan or will

5            CASE NO. 23-40085 (WJL)
**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING FJC MANAGEMENT INC.'S PLAN OF REORGANIZATION DATED APRIL 25, 2023, AS SUPPLEMENTED**

Case: 23-40085    Doc# 151    Filed: 06/21/23    Entered: 06/21/23 13:14:57    Page 6 of 17
70665316;6

receive or retain under the Plan on account of such claim or interest property of a value, as of the Effective Date, that is not less than the amount that such holder would receive or retain if the Debtor was liquidated under Chapter 7 of the Bankruptcy Code on such date. The Court finds that each holder of a claim in Classes 2 and 3, the only impaired classes under the Plan, will receive a distribution on account of such claim under the Plan (as modified below) that is more than such holder would receive or retain if the Debtor was liquidated in a Chapter 7 proceeding. Thus, the Plan satisfies 11 U.S.C. § 1129(a)(7). Nevertheless, the Court makes no finding as to the specific value of the Debtor's assets, except that the minimum threshold of the Best Interests of Creditors Test has been satisfied for the Plan (as modified below).

h. **11 U.S.C. § 1129(a)(8).** Classes 2 and 3 —the only classes that are impaired and entitled to vote, voted to accept the Plan.

i. **11 U.S.C. § 1129(a)(9).** The Plan's treatment of Administrative Claims and Priority Tax Claims satisfies the requirements of 11 U.S.C. § 1129(a)(9) as modified by 11 U.S.C. § 1191(e).

j. **11 U.S.C. § 1129(a)(11)**. The evidence supporting the feasibility of the Plan proffered by the Debtor: (i) is reasonable, persuasive, credible, and accurate as of the dates such evidence was prepared, presented, or proffered; (ii) utilizes reasonable and appropriate methodologies and assumptions; (iii) has not been controverted by other evidence; (iv) establishes that the Plan is feasible and confirmation is not likely to be followed by the liquidation, or the need for further financial reorganization of the Reorganized Debtor; and (v) establishes the Reorganized Debtor and the Debtor's Principals, who have agreed to personally fund certain payment obligations on behalf of the Debtor, will have sufficient funds to meet their respective obligations under the Plan. The Debtor satisfied its burden to show that confirmation of the Plan is not likely to be followed by liquidation or the need for further reorganization.

6 CASE NO. 23-40085 (WJL)
**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING FJC MANAGEMENT INC.'S PLAN OF REORGANIZATION DATED APRIL 25, 2023, AS SUPPLEMENTED**

Case: 23-40085 Doc# 151 Filed: 06/21/23 Entered: 06/21/23 13:14:57 Page 7 of 17
70665316;6

k. **11 U.S.C. § 1129(a)(12).** In accordance with 28 U.S.C. § 1930(a)(6)(A), the Debtor is not required to pay quarterly U.S. Trustee fees; all other fees payable pursuant to 28 U.S.C. § 1930(a), shall be paid as such fees become due.

l. **11 U.S.C. § 1129(a)(13).** The Debtor does not currently have any liability to pay "retiree benefits" as that term is defined under 11 U.S.C. § 1114(a). As such, this Section is not applicable to the Plan and is satisfied.

m. **11 U.S.C. § 1129(a)(14), (15), and (16).** The Debtor owes no domestic support obligations, is not an individual, and is a moneyed, business, commercial corporation, or trust. As such, 11 U.S.C. § 1129(a)(14), (15), and (16) are inapplicable.

n. **11 U.S.C. § 1129(d).** The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the applicable provision of Section 5 of the Securities Act of 1933. Thus, 11 U.S.C. § 1129(d) has been satisfied.

9. **Compliance with other applicable requirements of Section 1123 of the Bankruptcy Code.** The Plan complies with all applicable additional provisions of 11 U.S.C. § 1123 as more particularly set forth below:

a. **Assumption and Rejection of Executory Contracts and Unexpired Leases (11 U.S.C. § 1123(b)(2)).** Article 6 of the Plan provides that the Debtor will assume all of its contracts and leases listed therein. Except for executory contracts and unexpired leases that have been assumed, the Debtor is conclusively deemed to have rejected all executory contracts and unexpired leases as of the Effective Date.

b. **Retention of Claims (11 U.S.C. § 1123(b)(3)(B)).** In accordance with section 1123(b)(3)(B) of the Bankruptcy Code, all claims, claim objections, causes of action and avoidance actions of the Debtor and its estates are preserved by the Plan, and the Reorganized Debtor shall, only

7 CASE NO. 23-40085 (WJL)
**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING FJC MANAGEMENT INC.'S PLAN OF REORGANIZATION DATED APRIL 25, 2023, AS SUPPLEMENTED**

after entry of an Order under Fed.R.Bank.P. approving the same, have full power and authority to settle, adjust, retain, enforce, or abandon any claim, cause of action, or avoidance actions (except for avoidance actions against Pravesh Chopra and/or Ishwinder Judge) as the representative of the Debtor's estate under section 1123(b) of the Bankruptcy Code or otherwise, regardless of whether such claims, causes of action, or avoidance actions were commenced prior or subsequent to the Plan Effective Date.

      c.    **Other Relevant Provisions (11 U.S.C. § 1123(b)(5)–(6)).** The Plan's other provisions are appropriate and consistent with the applicable provisions of the Bankruptcy Code, including, without limitation, provisions for (i) distributions to holders of Claims and Interests, (ii) releases, injunctions and exculpations, and (iii) retention of this Court's jurisdiction.

## II. ORDER

**BASED ON THE FOREGOING FINDINGS OF FACT AND CONCLUSIONS OF LAW, IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT:**

10.    The Plan is **CONFIRMED** as a non-consensual plan under 11 U.S.C. § 1191(a) with the following modifications:

    a.    The deadline to prosecute any avoidance action under 11 U.S.C. §§ 544, 545, 547, 548, or 553 against Pravesh Chopra and Ishwinder Judge shall be extended to the earlier of: (i) two years after the conversion of this chapter 11 case to chapter 7, or (ii) December 14, 2026.

    b.    Priority Tax Claims are no longer classified as an impaired voting class. Priority Tax Claims are unclassified and their treatment is referenced under Section 3.03 of the Plan as a Priority Tax Claims in accordance with 1129(a)(9)(C), of the Bankruptcy Code such they are not a voting Class

8    CASE NO. 23-40085 (WJL)
**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING FJC MANAGEMENT INC.'S PLAN OF REORGANIZATION DATED APRIL 25, 2023, AS SUPPLEMENTED**

Case: 23-40085   Doc# 151   Filed: 06/21/23   Entered: 06/21/23 13:14:57   Page 9 of 17
70665316;6

c. Section XI (b), (Other Provisions, Vesting of Assets), of the Plan Complement which is annexed as Exhibit A to Debtor's Plan, is hereby deleted in its entirety and replaced with:

> **Vesting of Assets.** If, and only if, confirmation of the Plan is consensual under 11 U.S.C. 1191(a), as of the Effective Date, a pursuant to section 1141(c), all property of the Debtor's estate will vest in the Reorganized Debtor, free and clear of any and all liens, debts, obligations, claims, liabilities, and all other interests of every kind and nature, except for obligations under the Plan and as otherwise provided under the Plan. If confirmation of the Plan is not consensual, assets shall not revest unless and until a discharge is entered.

d. Section XI (c), (Other Provisions, Default Remedies), of Exhibit A to Debtor's Plan, the Plan Complement, which is annexed as Exhibit A to Debtor's Plan, is hereby deleted in its entirety and replaced with:

> **Default Remedies.** If the Debtor does not make the payments provided for under the Plan as and when due, the Debtor will be in default under the Plan ("**Default**"). After the occurrence of a Default, any creditor may send written notice to the Debtor, with a copy to Debtor's attorney and the Subchapter V Trustee, that the Debtor is in Default under the Plan ("**Default Notice**"). The Debtor will be entitled to a 45-day grace period after the transmission of the Default Notice ("**Grace Period**") to cure the Default. If the Debtor has not cured the Default within the Grace Period, the creditor is entitled to commence a lawsuit in the Federal or State Courts of the State of California to liquidate its claim. This provision survives the confirmation of the Plan, and creditors are entitled to enforce this provision post-confirmation. The Court retains jurisdiction to enforce this provision of the Plan.
>
> Upon confirmation of the Plan, any and all potential avoidance claims arising under Chapter 5 of the Bankruptcy Code against Pravesh Chopra and/or Ishwinder Judge (the "Avoidance Claims") shall be expressly preserved for any future Chapter 7 Trustee, and/or the Sub-Chapter V Trustee, and/or his successor trustee, if any, regardless of whether there is a Default under the Plan. Solely in the event of a Default under the Plan that is not cured by the expiration of the Grace period, and/or upon a conversion of the case to Chapter 7, a future Chapter 7 Trustee, and/or the Subchapter V Trustee, and/or his successor trustee, if any, will be entitled to prosecute the Avoidance Claims against Pravesh Chopra and Ishwinder Judge. As a condition precedent to the Effective Date, Pravesh Chopra and Ishwinder Judge shall execute tolling agreements

9 CASE NO. 23-40085 (WJL)
FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING FJC MANAGEMENT INC.'S PLAN OF REORGANIZATION DATED APRIL 25, 2023, AS SUPPLEMENTED

Case: 23-40085    Doc# 151    Filed: 06/21/23    Entered: 06/21/23 13:14:57    Page 10 of 17

with respect to the Avoidance Claims in favor of the Debtor's bankruptcy estate, the Subchapter V Trustee and his successor, if any, and any future Chapter 7 Trustee that may be appointed in this case to a future date that is at least six months past the payment term contemplated by the Plan.

e. Since the filing of the Plan, the Debtor updated its projections to account for the closure of its Livermore location on June 30, 2023 and the associated costs thereof, payment of Priority Tax Claimants, with interest, and certain pressing capital expenses learned of after the filing of the Plan with respect to the Fairfield Location. The revised projections (the "Revised Projections") are attached to the Declaration of Pravesh Chopra in Support of Confirmation of Plan, as **Exhibit A**. Debtor's Projections, attached to the Plan as **Exhibit 2**, are hereby replaced by **Exhibit A** to the Declaration of Pravesh Chopra in Support of Plan.

f. Claim No. 9-1 is hereby allowed as a Class 3 claim in the amount of $1,048,889.50 under all terms outlined in *Debtor's Plan Supplement (i) Resolving Informal Plan Objections by The Market Place at San Ramon, LLC and (ii) Amending Certain Cure Amounts* [Doc. No. 132 ] (the "Plan Supplement").

g. Cure Costs to assume the lease agreement for the Dublin location with Stanforth Holding Company a/k/a S&V, LLC is hereby deemed to be $59,723.14 in accordance with all terms outlined in in Plan Supplement.

h. The Debtor's lease agreement with Star-West Solano, LLC, as amended by the First Amendment, and as further amended by the e-mail agreement of the parties dated April 21, 2023, shall be assumed as more fully set forth in the Plan Supplement.

11. The pre-petition Claim of McClane Company, Inc. is deemed an allowed 503(b)(9) in the amount of $44,572.05, and Debtor's post-petition payment thereof is approved consistent with

10  CASE NO. 23-40085 (WJL)
**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING FJC MANAGEMENT INC.'S PLAN OF REORGANIZATION DATED APRIL 25, 2023, AS SUPPLEMENTED**

Case: 23-40085   Doc# 151   Filed: 06/21/23   Entered: 06/21/23 13:14:57   Page 11 of 17

*Order on Debtor's Emergency Motion for Order Authorizing Debtor to Pay a Section 503(b)(9) Prepetition Claim of McLane Foodservice, Inc*. [Doc. No. 105].

12. Any references to Debtor's monthly payments under the Plan are hereby modified to refer to quarterly payments.

13. Debtor shall have 30 days from the Effective Date to object to Proofs of Claim.

14. The Plan is incorporated into this Confirmation Order as exhibits. In the event of any inconsistency between the Plan and the provisions of this Confirmation Order, the provisions of this Confirmation Order are controlling.

15. The provisions of the confirmed Plan and this Confirmation Order bind the Debtor, the Reorganized Debtor, and all creditors and parties in interest.

16. The Debtor or the Reorganized Debtor, as the case may be, is authorized to execute and deliver any and all documents or instruments and take any and all actions necessary or desirable to implement the Plan, this Confirmation Order, and any other transactions contemplated under those documents. To effectuate these transactions and the Plan, the Debtor or Reorganized Debtor, as the case may be, is authorized—without further notice or application to or order of this Court—to execute, deliver, file, or record any documents and to take any other actions that it may determine is necessary or desirable to implement the Plan and this Confirmation Order, regardless of whether such actions or documents are specifically referred to in the Plan or this Confirmation Order. To the extent that, under applicable non-bankruptcy law, any of these actions otherwise would require the consent or approval of the Board or the shareholders of the Debtor or Reorganized Debtor, this Confirmation Order constitutes that consent and approval.

11     CASE NO. 23-40085 (WJL)
**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING FJC MANAGEMENT INC.'S PLAN OF REORGANIZATION DATED APRIL 25, 2023, AS SUPPLEMENTED**

Case: 23-40085   Doc# 151   Filed: 06/21/23   Entered: 06/21/23 13:14:57   Page 12 of 17

17. With the exception of those executory contracts and unexpired leases explicitly assumed under the Plan, as of the Effective Date, all executory contracts and unexpired leases that have not been assumed will be deemed rejected pursuant to 11 U.S.C. §§ 365 and 1123.

18. Except as otherwise provided in this Confirmation Order or the Plan, the treatment set forth in the Plan shall be in full and complete satisfaction of the legal, contractual, and equitable rights that each entity or Person holding a claim or an equity interest may have in or against the Debtor, the Estate, the Reorganized Debtor, or their respective property. This treatment supersedes and replaces any prepetition agreements or rights those entities or Persons may have in or against the Debtor, the Estate, the Reorganized Debtor, or their respective property.

19. The Court has jurisdiction under 28 U.S.C. § 1334(a) and (b), as well as 11 U.S.C. §§ 105(a) and 1123(b), to approve the discharge, releases, exculpations, and injunctions set forth in Articles 8.08 and 9.00 of the Plan, and Section IX, of Debtor's Plan Complement. Based upon the record of the chapter 11 case, the Court finds that the discharge, releases, exculpations, and injunctions in the Plan are consistent with the Bankruptcy Code and applicable law. Further, the discharge, releases exculpations, and injunctions contained in the Plan are integral components of the Plan, and appropriately tailored to achieve their purposes. No creditor or other party in interest objected any such Plan provisions. The discharge, releases, exculpations, and injunctions set forth in the Plan are hereby approved and authorized in their entirety.

20. The provisions of the Plan and this Confirmation Order, including the findings of fact and conclusions of law, are non-severable and mutually dependent.

21. Nothing in the Plan shall: (a) interfere in any way with a future Chapter 7 Trustee's ability to sell assets free and clear of liens, claims and interests, nor (b) alter the distribution scheme of 11 U.S.C. § 726 if the case is converted to one under Chapter 7.

22. All applications by the Subchapter V Trustee and professionals whose employment was approved by the Court, for payment of professional fees and costs pursuant to 11 U.S.C. §§ 327, 328, 330, and or 331 must be filed and served on the Reorganized Debtor and other necessary parties in interest no later than <u>forty-five (45) days</u> after the Effective Date. Objections to such applications must be filed and served no later than fourteen days before the hearing set by the Court to consider the applications.

23. Pursuant to 11 U.S.C. § 1146(a), any transfers of property pursuant to the Plan and this Confirmation Order shall not be subject to any document recording tax, stamp tax, conveyance fee, intangibles or similar tax, mortgage tax, real estate transfer tax, mortgage recording tax, Uniform Commercial Code filing or recording fee, regulatory filing or recording fee, or other similar tax or governmental assessment, and upon entry of this Confirmation Order, the appropriate state or local governmental officials or agents shall forgo the collection of any such tax or governmental assessment and accept for filing and recordation any of the foregoing instruments or other documents pursuant to such transfers of property without the payment of any such tax, recordation fee, or governmental assessment.

24. Notwithstanding the entry of this Confirmation Order or the occurrence of the Effective Date, the Court will retain jurisdiction over the chapter 11 case, all matters arising out of or related to the chapter 11 case and the Plan, the matters set forth in Article 8.08 of the Plan.

25. The Reorganized Debtor shall mail a notice of the entry of this Confirmation Order and of the occurrence of the Effective Date to all creditors of record.

26. The failure to reference any particular provision of the Plan herein shall have no effect on the viability, binding effect, and enforceability of such provision, and such provision is incorporated herein and shall have the same validity, binding effect and enforceability as every other provision of the Plan.

13    CASE NO. 23-40085 (WJL)
**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING FJC MANAGEMENT INC.'S PLAN OF REORGANIZATION DATED APRIL 25, 2023, AS SUPPLEMENTED**

Case: 23-40085    Doc# 151    Filed: 06/21/23    Entered: 06/21/23 13:14:57    Page 14 of 17
70665316;6

27. Notwithstanding any Bankruptcy Rule (including, without limitations, Bankruptcy Rules 3020(e), 6004(h), 6006(d), 7062, and 9014), this Confirmation Order is effective immediately upon entry and not subject to any stay.

28. This Confirmation Order is a Final Order and the period in which an appeal must be filed will commence upon entry of this Confirmation Order.

**APPROVED AS TO FORM:**

By: /s/ Mark Sharf
    Mark Sharf, Subchapter V
    Trustee for FJC Management Inc.

**\*\*\* END OF ORDER \*\*\***

14     CASE NO. 23-40085 (WJL)
**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING FJC MANAGEMENT INC.'S PLAN OF REORGANIZATION DATED APRIL 25, 2023, AS SUPPLEMENTED**

Case: 23-40085   Doc# 151   Filed: 06/21/23   Entered: 06/21/23 13:14:57   Page 15 of 17

**SERVICE LIST**

15 CASE NO. 23-40085 (WJL)
**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING FJC MANAGEMENT INC.'S PLAN OF REORGANIZATION DATED APRIL 25, 2023, AS SUPPLEMENTED**

Case: 23-40085    Doc# 151    Filed: 06/21/23    Entered: 06/21/23 13:14:57    Page 16 of 17

70665316;6

APPROVED AS TO FORM:

By: _____
Mark Sharf, Subchapter V Trustee for
FJC Management Inc.

16  CASE NO. 23-40085 (WJL)
**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING FJC MANAGEMENT INC.'S PLAN OF REORGANIZATION DATED APRIL 25, 2023, AS SUPPLEMENTED**

Case: 23-40085   Doc# 151   Filed: 06/21/23   Entered: 06/21/23 13:14:57   Page 17 of 17

70665316;6

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342